THOMAS F. BERTRAND, State Bar No. 056560
RICHARD W. OSMAN, State Bar No. 167993
BERTRAND, FOX, & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California   94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant CITY OF VACAVILLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ALLEN GOFORTH,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY OF VACAVILLE, a municipal entity, form unknown; Unknown Vacaville Police Officers, Supervisors and Policymakers, in their individual and official capacities, referred to here as DOES 1 to 50, included.<br><br>              Defendants. | Case No.:  08- CV-02415-MCE-GGH<br><br>**STIPULATION AND PROTECTIVE ORDER** |

   1.     The parties to the above-entitled action, by and through their counsel of record, hereby stipulate to entry of the attached protective order as to materials to be produced in discovery herein by defendant CITY OF VACAVILLE ("the CITY").

   The materials included in the above-mentioned protective order are as follows:

   a.     Any document which comprises an officer's personnel file and which is produced in discovery in the within matter from police personnel files maintained by the defendant CITY, including any Internal Affairs investigations and all other matters in an officer's personnel file;

   b.     The names, addresses and telephone numbers of any civilian witnesses disclosed by defendants in discovery;

  c. Any and all public reports disclosed by defendants in discovery; and,

  d. Other materials that the parties agree in writing are to be covered by this Order.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: **"CONFIDENTIAL "**

  2. Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (Case No. 08- CV-02415-MCE-GGH) or in any related appellate proceeding, and not for any other purpose, including any other litigation, without the express approval of this court.

  3. Confidential material may not be disclosed, except as is provided in paragraph 4, below.

  4. Confidential material may be disclosed only to the following persons:  (a) parties and counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; (d) any outside expert or consultant retained by any party to the action in connection with the action, and not otherwise employed by either party; and, (e) any "in-house" expert designated by any party to testify at trial in this matter.

  Nothing in this paragraph (4) is intended to prevent officials or employees of the City of Vacaville, or other authorized government officials, from having access to the documents so designated if they would have such access in the normal course of their job duties.  Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this order, information previously given to the City of Vacaville with respect to what he or she saw, heard, or otherwise sensed.

  5. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material," as designated hereunder, with a copy of this order, and shall agree on the record, in writing, that he or she has read this protective order and consents to be subject to the jurisdiction of this court with respect to the enforcement of this

order, including without limitation, any proceeding for contempt.  Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

6. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered back to the appropriate parties or their attorneys.  Provisions of this order, insofar as they restrict the disclosure and use of the material, shall remain in full force and effect until further order of this court.

7. The foregoing is without prejudice to the right of any party to this action:  (a) to apply to the court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the court for an order removing the confidential material designation from any document; and, (c) to apply to the court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

SO STIPULATED.


Dated:  January 15, 2008            JAI M. GOHEL, ATTORNEY AT LAW



                                    By: _____
                                    Jai M. Gohel
                                    Attorney for Plaintiff
                                    CHAD ALLEN GOFORTH

STIPULATION AND PROTECTIVE ORDER  *Goforth v.  City of Vacaville,* Case No.  CV-02415-MCE-GGH

3

Dated:  January 15, 2009            BERTRAND, FOX & ELLIOT

By:_____
Thomas F. Bertrand
Richard W. Osman
Attorneys for Defendant
CITY OF VACAVILLE

**ORDER**

Good cause appearing, IT IS SO ORDERED.

Dated: January 30, 2009_____

/s/ Gregory G. Hollows
_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATION AND PROTECTIVE ORDER  *Goforth v.  City of Vacaville,* Case No.  CV-02415-MCE-GGH

4